# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF MISSOURI
# WESTERN DIVISION

| | |
|---|---|
| EMANUAL MATTHEWS, et. al., ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | Case No. 20-CV-6140-SRB |
| ) | |
| SYNCREON.US, INC., et al., ) | |
| ) | |
| Defendants. ) | |

## **ORDER**

Before this Court is Plaintiffs' Motion to Remand. (Doc. # 20.) For the reasons discussed below, the motion is GRANTED. The case is hereby remanded to the Circuit Court of Platte County, Missouri. The Clerk of the Court is directed to mail a certified copy of this Order to the Clerk of the Circuit Court of Platte County, Missouri, as required by 28 U.S.C. § 1447(c).

## I. BACKGROUND

On July 29, 2020, eighteen Plaintiffs sued Defendants syncreon.US, Inc. ("Syncreon"), Harley Davidson Motor Company Operations, Inc. ("Harley Davidson"), and John Soulis ("Soulis") in the Circuit Court of Platte County, Missouri. Plaintiffs consist of Kansas, Georgia, and Missouri citizens.[1] Defendant Syncreon is a Michigan corporation with its principal place of business in Michigan. Defendant Harley Davidson is a Wisconsin corporation with its principal place of business in Wisconsin. Defendant Soulis is a resident of Missouri.

Plaintiffs assert fifty-seven counts for violations of the Missouri Human Rights Act ("MHRA") against Defendants Harley Davidson and Syncreon as employers, including race

---

[1] This Court recognizes that the term "resident" is not the same as "citizen" for purposes of diversity jurisdiction. *Dubach v. Weitzel*, 135 F.3d 590, 593 (8th Cir. 1998). The parties only allege that each individual is a resident of a state. However, no party has challenged the citizenship of any individual. Absent any facts to the contrary, the Court finds that each individual is a citizen of the state in which he or she is a resident.

discrimination, hostile work environment, and aiding and abetting such discriminatory practices. Plaintiff Emmanuel Matthews also asserts one count of battery and one count of assault against Defendant Soulis. Relevant to the instant motion to remand, Plaintiff Matthews and Defendant Soulis were co-employees at the time of the alleged battery and assault. The battery and assault occurred while Plaintiff Matthews and Defendant Soulis were working at Defendant Harley Davidson's plant in Kansas City, MO. Plaintiff Matthews asserts that Defendants Syncreon and Harley Davidson are, as joint employers of Defendant Soulis, vicariously liable for the assault and battery.

On September 25, 2020, Defendants Harley Davidson and Syncreon, with the consent of Defendant Soulis, removed this case to federal court on the basis of diversity jurisdiction. Plaintiffs' Motion to Remand was timely filed on October 9, 2020, requesting the Court remand this case back to state court and award Plaintiffs fees and costs incurred in bringing this motion. Plaintiffs contend, and Defendants do not dispute, that the presence of Defendant Soulis destroys complete diversity. Defendants instead argue that Defendant Soulis was fraudulently joined and that his citizenship should be disregarded for purposes of assessing diversity.

**II. LEGAL STANDARD**

A defendant may remove to federal court "any civil action brought in a State court of which the district courts of the United States have original jurisdiction[.]" 28 U.S.C. § 1441(a). A plaintiff may challenge that removal by filing a motion to remand. *See* 28 U.S.C. § 1447(c). The removing party bears the burden of establishing subject matter jurisdiction. *See In re Bus. Men's Assurance Co. of Am.*, 992 F.2d 181, 183 (8th Cir. 1993). Under 28 U.S.C. § 1332(a)(1), "district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of

different states[.]" Section 1332(a)(1) requires complete diversity, which means "*each* defendant is a citizen of a different State from *each* plaintiff." *Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 373 (1978) (emphasis in original). "[A] district court is required to resolve all doubts about federal jurisdiction in favor of remand." *Transit Cas. Co. v. Certain Underwriters at Lloyd's of London*, 119 F.3d 619, 625 (8th Cir. 1997) (citation omitted).

"The doctrine of fraudulent joinder allows a district court to assume jurisdiction over a facially nondiverse case temporarily and, if there is no reasonable basis for the imposition of liability under state law, dismiss the nondiverse party from the case and retain subject matter jurisdiction over the remaining claims." *Murphy v. Aurora Loan Svcs., LLC*, 699 F.3d 1027, 1031 (8th Cir. 2012). The Eighth Circuit has articulated the fraudulent joinder standard:

> Where applicable state precedent precludes the existence of a cause of action against a defendant, joinder is fraudulent. It is well established that if it is *clear* under governing state law that the complaint does not state a cause of action against the non-diverse defendant, the joinder is fraudulent and federal jurisdiction of the case should be retained. However, if there is a "colorable" cause of action—that is, if the state law *might* impose liability on the resident defendant under the facts alleged—then there is no fraudulent joinder . . . joinder is fraudulent when there exists no reasonable basis in fact and law supporting a claim against the resident defendants. . . . Conversely, if there is a reasonable basis in fact and law supporting the claim, the joinder is not fraudulent.

*Filla v. Norfolk S. Ry. Co.*, 336 F.3d 806, 810 (8th Cir. 2003) (citations, quotations, and alterations omitted) (emphasis in original).

The *Filla* standard for determining fraudulent joinder is distinct from the standard under Federal Rule of Civil Procedure 12(b)(6) for determining failure to state a claim. A district court's fraudulent-joinder analysis under *Filla* is "limited to determining whether there is arguably a reasonable basis for predicting that the state law might impose liability based upon the facts involved." *Junk v. Terminix Int'l Co.*, 628 F.3d 439, 445 (8th Cir. 2010) (internal quotations omitted) (quoting *Filla*, 336 F.3d at 811). To survive a Rule 12(b)(6) motion to

3
Case 5:20-cv-06140-SRB   Document 26   Filed 11/06/20   Page 3 of 10

dismiss, on the other hand, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Junk*, 628 F.3d at 445 (internal quotations omitted) (quoting *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009)). Thus, the *Filla* standard is less "demanding" on a plaintiff than is the 12(b)(6) standard. *Knudson v. Sys. Painters, Inc.*, 634 F.3d 968, 980 (8th Cir. 2011) (citing *Junk*, 628 F.3d at 445) ("By requiring the defendant to prove that the plaintiff's claim against the non-diverse defendant has no reasonable basis in law and fact, we require the defendant to do more than merely prove that the plaintiff's claim should be dismissed pursuant to a Rule 12(b)(6) motion.").

### III. DISCUSSION

Defendants argue Defendant Soulis was fraudulently joined because Plaintiff Matthews's tort claims against Defendant Soulis are (1) preempted by the MHRA and (2) are preempted by the Missouri Workers' Compensation Law ("MWCL").[2] Plaintiffs argue no preemption exists if Defendant Soulis was acting outside the scope of his employment when he allegedly battered and assaulted Plaintiff Matthews, which Plaintiffs state they have sufficiently pled in the alternative. Plaintiffs additionally argue that neither the MHRA nor the MWCL preempts intentional tort claims made against a co-employee. These arguments are addressed below.

#### A. Plaintiff Matthews's Alternative Theories of Liability

The MHRA, as amended, provides in relevant part that it and the MWCL "shall provide the exclusive remedy for any and all claims for injury or damages arising out of an employment relationship." Mo. Rev. Stat. § 213.070.2. Plaintiffs argue the complaint has two theories of liability against Defendant Soulis for both the battery and assault claims: Defendant Soulis acted

---

[2] Defendants Soulis, Harley Davidson, and Syncreon have filed motions to dismiss under Federal Rule of Civil Procedure 12(b)(6). (Doc. #10, Doc. #11, Doc. #13.) The Court has considered those arguments in resolving the pending motion to remand.

within the scope of his employment or, alternatively, Defendant Soulis acted in his individual capacity. Defendants disagree, arguing Plaintiffs do not plead any facts showing Defendant Soulis acted in his individual capacity and that the claims against Defendant Soulis underlie Plaintiffs' MHRA claims. The Court agrees with Plaintiffs and finds the complaint asserts at least one theory of liability against Defendant Soulis that does not arise out of an employment relationship and, thus, is not preempted by the MHRA or MWCL.

As a preliminary matter, Defendants contend that Plaintiffs' alternative theory of liability is contradicted by other allegations in the complaint, Plaintiffs' administrative charges of discrimination filed with the Missouri Commission on Human Rights ("MCHR") and Equal Employment Opportunity Commission ("EEOC"), and Plaintiff Matthews's prior state court petition. But, "neither the Eighth Circuit nor the Supreme Court has instructed courts to consider material beyond the state court petition to evaluate fraudulent joinder." *Petrovic v. BP Corp. N. Am. Inc.*, No. 4:18-00799-CV-RK, 2019 WL 630299, at *3 (W.D. Mo. Feb. 14, 2019) (citation and quotation marks omitted). Furthermore, a party may plead alternatively or hypothetically in a single count, regardless of consistency. *See* Fed. R. Civ. P. 8(d). Therefore, the Court limits its analysis to the present complaint in determining the sufficiency of Plaintiffs' alternative theory of liability.

The Court finds that Plaintiff Matthews sufficiently alleges, in the alternative, that his assault and battery allegations occurred outside the scope of his employment relationship with Defendants.[3] On one hand, Plaintiffs allege Defendant Soulis "was acting within the course and scope of his employment by Harley when he battered Plaintiff." (Doc. #1-2, ¶ 206.) Plaintiffs also allege that Defendant Soulis was "furthering the interest of his employer" by committing the

---

[3] Notably, Defendants neither admit nor deny that Defendant Soulis was acting in an individual capacity, creating a legitimately disputed question of fact this court lacks jurisdiction to answer.

5

battery against Plaintiff Mathews, which allegedly helped perpetuate and maintain the racially hostile work environment. (Doc. #1-2, ¶ 206.) However, Plaintiffs also allege that "[e]ven without the context of the racial tensions, the shove and the demand to 'get outta the way' offended Plaintiff's reasonable sense of personal dignity." (Doc. #1-2, ¶ 202.) Plaintiff Matthews specifically asks to recover individually from Defendant Soulis for the alleged battery and assault. (Doc. #1-2, pp. 28-29.) Further, Plaintiffs do not mention Defendant Soulis's actions against Plaintiff Matthews in the Counts alleging violations of the MHRA by Defendants Harley Davidson and Syncreon. Thus, at least in the alternative, Plaintiff Matthews sufficiently pleads a claim for battery and assault against Defendant Soulis in his individual capacity outside of an employment relationship.

Because the factual allegations underlying Plaintiff Matthews's claims against Defendant Soulis are distinct from the MHRA claims asserted against Defendants Harley Davidson and Syncreon, Plaintiff Matthews's tort claims do not necessarily arise from an employment relationship. Instead, the Court finds what capacity Defendant Soulis was acting in, and how that capacity relates to Plaintiffs' MHRA claims, is a question of law and fact best left for the state court to decide. The state court might reasonably conclude that the MHRA and MWCL would not preempt Plaintiff Matthew's counts against Defendant Soulis. As a result, Defendant Soulis was not fraudulently joined. Consequently, the Court lacks subject matter jurisdiction over Plaintiffs' claims and remand is required.

### B. MHRA Preemption

Regardless of whether Plaintiffs have sufficiently pled an alternative theory of liability in which Defendant Soulis was acting in his individual capacity, the Court also finds Plaintiff Matthews's claims are not preempted by the MHRA. As a guide to interpreting the MHRA, the

Missouri Supreme Court has stated "statutes displacing common law remedies are to be strictly construed." *Overcast v. Billings Mutual Ins. Co.*, 11 S.W.2d 62, 69 (Mo. banc 2000). With this guidance in mind, the Court finds a state court might conclude that the MHRA does not shield co-employees from intentional tort liability.

The MHRA excludes from the definition of employer "an individual employed by an employer." Mo. Rev. Stat. § 213.010.8(c). Nothing indicates, either in statute or Missouri case law, that the Missouri legislature intended to grant complete immunity from all liability for co-workers. For purposes of the fraudulent joinder analysis, the Court concludes that a state court might find that the MHRA only preempts common law torts which are specific to an employee-employer relationship. *See, e.g., State ex rel. Church & Dwight Co., Inc. v. Collins*, 543 S.W.3d 22, 28 (Mo. banc 2018) (holding the plaintiff's claims alleging negligence in her employer's failure to hire, train, and supervise its employees, as well as wrongful discharge, are preempted by the MHRA). Similarly, a state court might conclude that Missouri law would not impose liability against a co-employee for a violation of human rights, but would impose liability for assault, battery, and other common-law causes of action. *See Filla*, 336 F.3d at 811 ("[T]he district court's task is limited to determining whether there is arguably a reasonable basis for predicting that the state law might impose liability based upon the facts involved."). As such, this Court finds that the MHRA might not be the exclusive remedy against co-employees and there remains a colorable state-law cause of action pursuant to *Filla*.

**C. MWCL Preemption**

Unlike the MHRA, the MWCL does explicitly protect, in some capacity, co-employees. Specifically, the MWCL states, in relevant part:

> Every employer subject to the provisions of this chapter shall be liable, irrespective of negligence, to furnish compensation under the provisions of this chapter for

> personal injury or death of the employee by accident or occupational disease arising out of and in the course of the employee's employment. Any employee of such employer shall not be liable for any injury or death for which compensation is recoverable under this chapter and every employer and employees of such employer shall be released from all other liability whatsoever, whether to the employee or any other person, except that an employee shall not be released from liability for injury or death if the employee engaged in an affirmative negligent act that purposefully and dangerously caused or increased the risk of injury. The term "accident" as used in this section shall include, but not be limited to, injury or death of the employee caused by the unprovoked violence or assault against the employee by any person.

Mo. Rev. Stat. § 287.120.1. Strictly construing the statute, the Court finds Plaintiff Matthews has stated a colorable cause of action against Defendant Soulis, as the MWCL might not preempt intentional torts.

On the statute's face, the Missouri legislatures provides an exception to the co-employee protection of liability for "affirmatively negligent acts that purposefully and dangerously cause or increased the risk of injury." *Id.* A state court might conclude that if affirmatively negligent acts are exempted, then intentionally tortious acts might also be exempted from the co-employee shield of liability. "Where a statute des not clearly abrogate the common law either expressly or by necessary implication, the common law rule remains valid." *Mems v. LaBruyere*, 2019 WL 2182444, at *9 (Mo. App. E.D. May 21, 2019), *reh'g and/or transfer denied* (July 2, 2019) (citing *State ex rel. KCP&L Greater Mo. Operations Co. v. Cook*, 353 S.W.3d 14, 20 (Mo. App. W.D. 2011)). The Court finds the abrogation of intentional tort liability is not necessarily implied when a co-employee can be held liable for a lesser act, that is, affirmative negligence.

Furthermore, "[n]egligent acts and intentional acts in the tort context are *contradictory* and *mutually exclusive*." *Id.* at *10 (citing *Hockenson v. Brown*, 929 S.W.2d 840, 845 (Mo. App. W.D. 1996)) (emphasis in original). Accordingly, "the word negligent in § 287.120.1 means that only negligent acts satisfy this provision." *Id.* at *11. Because Plaintiff Matthews asserts assault

and battery, not negligence, against Defendant Soulis, a state court might conclude that the MWCL does not shield Defendant Soulis from liability.  As such, there remains a colorable state law cause of action, as any ambiguities in state law are best resolved in state court.

The Court finds Defendant Soulis is not fraudulently joined.  Plaintiff Matthews pleads, at least alternatively, that Defendant Soulis was acting in his individual capacity and therefore asserts claims against Defendant Soulis that arise outside of an employment relationship.  Also, a state court might conclude that neither the MHRA nor the MWCL preempt Plaintiff Matthews's assault and battery claim.  Defendant Soulis's presence destroys complete diversity.  Consequently, the Court remands this case back to state court as required by 28 U.S.C. § 1447(c).

### D.  Plaintiffs' Request for Fees

Plaintiffs additionally request the Court award costs and expenses in connection with this motion to remand.  "An order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal."  28 U.S.C. § 1447(c).  "[W]hen the removing party lacks an objectively reasonable basis for its removal, fees should be awarded."  *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 132 (2005).  While the Court finds it lacks jurisdiction over this case, the Court does not find that Defendants lacked a reasonable basis for seeking removal.  Plaintiffs' request for costs and expenses is thus denied.

## IV. CONCLUSION

Accordingly, Plaintiffs' Motion to Remand (Doc. #20) is GRANTED.  This case is hereby remanded to the Circuit Court of Platte County, Missouri.  Plaintiffs' request for fees and expenses is denied.  All other pending motions are DENIED WITHOUT PREJUDICE and are subject to refiling in state court upon remand.

**IT IS SO ORDERED.**

/s/ Stephen R. Bough
STEPHEN R. BOUGH
UNITED STATES DISTRICT JUDGE

Dated: November 6, 2020